### JOHN DANIEL *v.* COMMONWEALTH.

**Criminal Law—Carrying Concealed Weapons.**

> The offense denounced and intended to be punished by the statute, is the practice of carrying deadly weapons concealed from ordinary and common observation, and not such open and visible arming of the person as would be readily seen and understood, and although the pistol may have been worn in scabbard and thus a part of it concealed from view, yet if enough of it was exposed to ordinary observation as to show plainly what it was, such carrying was not an offense under the statute.

APPEAL FROM BATH CIRCUIT COURT.

June 7, 1872.

OPINION BY JUDGE HARDIN:

The question to be determined by the jury in this case was, whether or not the defendant was guilty, as charged, of carrying concealed a pistol, which was a deadly weapon. (1 R. S. 14.)

In explanation of what constituted the offense, the court instructed the jury that "carrying a pistol in a scabbard around

the defendant, is a concealment within the statute, although the scabbard was visible and portions of the pistol invisible."

We cannot concur in this construction of the law. The offense denounced and intended to be punished by the statute, manifestly is the practice of carrying deadly weapons concealed from ordinary and common observation, and not such open and visible arming of the person as would be readily seen and understood, and although the pistol of the appellant may have been worn in a scabbard, as such weapons are, and thus a part of it conceaed from view; yet, if eough of it was exposed to ordinary observation, and not hidden by clothing or otherwise as to show plainly what it was such a carrying of it was not, in our opinion, an offense under the statute.

The judgment is therefore reversed and the cause remanded for a new trial on principles not inconsistent with this opinion.

*Nesbitt, for appellant.*

*Attorney-General, for appellee.*